tion 98 above set forth. The defendant has had the opportunity, in spite of the admissions of his answer, to litigate the question of a failure of the consideration, and he is not in a good position to complain of the judgment which has been entered against him.

The judgment appealed from should be affirmed. All concur, except JENKS and MILLER, JJ., who dissent.

---

## CESA v. JOLINE et al.

(Supreme Court, Appellate Term. March 17, 1909.)

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Louisa Cesa against Adrian H. Joline and another, as receivers of the Metropolitan Street Railway Company. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Anthony J. Ernest, for appellants.

Hieronimus A. Herold, for respondent.

PER CURIAM. Judgment affirmed, with costs.

MacLEAN, J. (dissenting). The testimony of the physician, who only examined plaintiff on the day of the trial, some two or three months after the accident, as to her condition then, was improperly received over the objection and exception of the defendants, as was also his testimony in response to a hypothetical question, faulty in form and assuming facts not shown to exist. This testimony favored the plaintiff and was naturally prejudicial to the defendants, and was persistently elicited despite query of the court. The case should therefore be sent back for a new trial.

---

## DUPREY et al. v. STEARNS et al.

(Supreme Court, Appellate Division, Third Department. March 10, 1909.)

JUSTICES OF THE PEACE (§ 130*)—JUDGMENT—CONCLUSIVENESS.

In an action for conversion of a piano, the issue was whether a $200 note was a renewal note for the balance of a $300 note, left after a payment of $125, and whether such payment was indorsed on the renewal note by mistake. The holder of the note had secured a judgment in justice court for the first installment of the renewal note, which was unpaid and unreversed. *Held*, that the judgment established that the whole of the $200 note was unpaid; hence it followed that the $125 payment was not made on the renewal note, and instructions should have been given to that effect.

[Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig. § 130.*]

Appeal from Trial Term, Clinton County.

Action by Henry Duprey and another against James B. Stearns and another for conversion of a piano. From a judgment for plaintiffs, and from an order denying a new trial, defendants appeal. Reversed and remanded.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

James B. Stearns (S. L. Wheeler, of counsel), for appellants.
William E. Dunn, for respondents.

JOHN M. KELLOGG, J. The defendants took from the plaintiffs' possession a piano by virtue of a tight note given by the plaintiffs to one Aldrich for the payment of $200 and interest, payable $100 July 1, 1905, and $100 April 1, 1906, which note is in the form of a negotiable note, and in addition recites that it is given for the purchase price of the piano, which is to remain the property of Aldrich until the note is paid; the property not to be removed from the town without his permission. The instrument was duly filed, and a copy left with the plaintiffs. Before maturity the note was sold and indorsed to the defendant Stearns, and he, after the last payment became due, seized and sold the piano, through the defendant Rhodes, a constable, to realize the amount unpaid. Plaintiffs, before the sale, tendered $85, which they claimed was the amount due, and demanded possession of the piano, which being refused, this action was brought for the conversion thereof.

It is admitted that the plaintiffs at some time paid Aldrich $125 to apply upon the purchase price of the piano. They contend that the original purchase price was only $200, and that therefore the payment applied upon and reduced the note in question, so that the $85 tendered was sufficient to pay the same. The defendants claimed that the purchase price was $300, and a note for that amount, similar in other respects to the $200 note, was given therefor, and that after the $125 was paid the $200 note was given as a renewal, to represent the amount then remaining unpaid. Upon the duplicate note for $200 in the plaintiffs' possession is an indorsement of $125. The defendants produce testimony tending to show that Aldrich lost the note, and his wife applied to the plaintiffs for a copy of it, which was furnished, and the plaintiffs then informed her that $125 had been paid upon the note, and she erroneously indorsed the same upon the duplicate remaining with the plaintiffs. The plaintiffs' evidence tended to show 'that after the $200 note was given plaintiffs turned certain property over to Aldrich at the agreed price of $125, which thereupon was indorsed upon the duplicate of the $200 note remaining in the plaintiffs' possession.

In September, 1905, after the first installment upon the $200 note became due, the defendant Stearns, the holder, sued the plaintiffs and Aldrich thereon in justice court. The present plaintiffs interposed a defense, and Stearns recovered a judgment for the amount of that installment, with costs, which judgment has not been paid or reversed upon appeal. It was freely litigated in the trial court as to what was the purchase price of the piano, and whether the $200 note represented the original purchase price, or whether the purchase price was $300 and the $200 represented the amount unpaid after the payments had been allowed the plaintiffs. The verdict of the jury has settled those questions in favor of the plaintiffs, and we need only consider the exceptions taken upon the trial.

By request for the direction of a verdict, and by proper requests to charge, the defendants urged that the judgment in justice court

established that the first installment upon the note had not been paid, and that it therefore followed that the $200 note remained wholly unpaid. The exceptions to the refusal of the court to grant such requests is reversible error. The defendants were justifying their acts under this note and under Stearns' title, and the justice's judgment was evidence that the whole amount of the $200 note remained unpaid.

The judgment and order should therefore be reversed, and a new trial granted, with costs to the appellants to abide the event. All concur.

## ROBINSON v. COOPER.

(Supreme Court, Special Term, Queens County. February, 1909.)

1. AFFIDAVITS (§ 12*)—JURAT—AUTHORITY OF NOTARY.
Under Laws 1892, p. 1704, c. 683, § 85, as amended by Laws 1894, p. 186, c. 68, authorizing notaries to administer oaths in the county where appointed, the verification of an affidavit is void, where the jurat shows it to have been sworn to in the county other than that for which the notary was appointed.

[Ed. Note.—For other cases, see Affidavits, Cent. Dig. § 55; Dec. Dig. § 12.*]

2. ARREST (§ 31*)—CIVIL ACTION—MOTION TO DISCHARGE.
Where the affidavit on which an order for an arrest was made shows want of authority in the notary to take the same, supporting affidavits and other evidence is inadmissible, on a motion to vacate the order, to show the officer's authority.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 70, 72; Dec. Dig. § 31.*]

3. AFFIDAVITS (§ 12*)—JURAT—SHOWING AUTHORITY OF OFFICER.
Where a notary is authorized under Executive Law (Laws 1892, p. 1702, c. 683, as amended by Laws 1901, p. 1678, c. 657) § 82, to act outside of the county of his appointment, such fact should be noted in the jurat of an affidavit taken by him outside of such county.

[Ed. Note.—For other cases, see Affidavits, Cent. Dig. §§ 54, 55; Dec. Dig. § 12.*]

Action by Clarence M. Robinson against John Cooper. Heard on motion to vacate an attachment of the person. Motion granted.

David W. Rockmore, for plaintiff.

Eugene N. L. Young, for defendant.

GARRETSON, J. The defendant appears specially, for the motion, and moves to vacate the order of arrest upon several grounds, but upon the argument and submission urges only that the order should be vacated because founded upon affidavits apparently unverified.

The affidavits bear the venue, "City and County of New York," and the jurat to each is subscribed "W. F. Duckworth, Notary Public, Kings Co., N. Y." Executive Law (chapter 683, p. 1704, Laws 1872, as amended by chapter 88, p. 186, Laws 1894) § 85, provides that a notary may administer oaths and affirmations and take affidavits in the county in and for which he shall have been appointed. The venue indicates that the affidavit was taken in the county of New York, and the jurat

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes